## CARSON, Respondent, v. DEWAR, Appellant.

St. Louis Court of Appeals, January 16, 1906.

1. **REPLEVIN:** Weight of Evidence. In an action of replevin, where plaintiff claimed under a chattel mortgage and the issues were whether a prior bill of sale given by the defendant was valid and whether the defendant received the proceeds of the loan secured by the mortgage, the evidence is examined and held sufficient to sustain a verdict for the plaintiff.

2. ———: Chattel Mortgage: Appellate Practice. In such an action, brought before the note secured by the mortgage was due, where the mortgage was not incorporated in the bill of

115 app—43

exceptions, the appellate court cannot pass on the question as to whether the action was prematurely begun under the terms of the mortgage.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

*L. P. Crigler* for respondent.

GOODE, J.—The record in this case is imperfect in that evidence is omitted which is material to some of the questions raised on the appeal. The action is replevin to recover the possession of a desk and other articles of office furniture. Plaintiff obtained judgment. His claim to the possession of the property in dispute is founded on a chattel mortgage executed to secure a promissory note. When the mortgage was given, the property belonged to the defendant Dewar; but the mortgage itself was executed by Ralph R. Roberts; whether in his own name or in Dewar's does not appear as the fact is not stated, nor is the instrument in the record. But from the points raised, we suppose the mortgage was made in the name of Roberts. A bill of sale, dated April 10, 1904, embracing the same property covered by the mortgage, was put in evidence. This bill of sale purports to have been signed by Dewar and to transfer the property in controversy to Roberts; but it was admitted that Dewar did not personally sign it. The contention is that it was signed in his name by Roberts, pursuant to authority duly conferred. The mortgage was given after the date of the bill of sale and, therefore, if the latter instrument was valid the title to the property was in Roberts at the time the mortgage was made, and passed by it to the plaintiff. Dewar contends that his name was forged to the bill of sale and

that all the dealings with the property by Roberts were unauthorized by him (Dewar) as owner and therefore were void. The court instructed the jury that if Dewar authorized the execution of the bill of sale, or if, after the loan for which the mortgage was given was made, he (Dewar) received the proceeds, or any part thereof, from Roberts, knowing the facts and circumstances under which the money was obtained, then the mortgage was valid as against Dewar. The counsel for the defendant (appellant) concedes that the real point in the case is whether Dewar authorized or ratified the act of Roberts in signing Dewar's name to the bill of sale. Dewar had an office in the Frisco Building in the city of St. Louis in which he did business as a broker. Roberts swore that he and Dewar were partners; but the latter denied that they were and asserted instead, that when Roberts was destitute, he was given employment in the office, more as a matter of charity than from any other motive, and to enable him to earn a living for his family. A good deal of evidence was introduced tending to show a partnership existed and that because of the fact, Roberts had power to mortgage the property in dispute. But this theory seems not to have been carried into the instructions. Dewar insists that Roberts not only forged his name to the bill of sale, but mortgaged the property without his authority and kept the proceeds. Unquestionably, there was evidence for the jury to weigh, tending to establish both that Dewar authorized the mortgage and that he got the proceeds of it. The evidence tends, too, to show that he gave Roberts the bill of sale in order to enable the latter to raise money on the property. One witness (George W. Miller) swore positively that he saw the bill of sale exhibited to Dewar by Roberts with the statement that he (Roberts) owned the property and had the right to mortgage it; and that when Roberts made this statement, he asked Dewar if it was true and Dewar said it was. Miller was at the time inspecting the property

with a view to making a loan on it. So far as the genuineness of the bill of sale, as Dewar's act, was concerned, the issue was for the jury.

It is contended that as there had been no default in the payment of the debts secured by the mortgage, when this action was instituted, plaintiff was not entitled to the possession of the property. The court instructed the jury that, under the terms of the mortgage, it was not necessary for the note to be due before plaintiff could take possession of the property, provided plaintiff's rights were in danger, or the property had decreased in value to such an extent as would cause a prudent man to deem himself insecure. Inasmuch as the mortgage has not been preserved in the bill of exceptions for our inspection, we know nothing of its terms and, hence, cannot pass on the point of whether the action was begun before plaintiff's right to possession had accrued. The case was well tried so far as we can determine from the record before us and the judgment will be affirmed. *Bland, P. J.,* and *Nortoni, J.,* concur.